**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH TIDWELL, et al., | Case No.: 1:16-cv-01697 JLT |
| Plaintiffs, | ORDER VACATING THE HEARING DATE OF JANUARY 10, 2017 |
| v. | ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE |
| COUNTY OF KERN, | |
| Defendant. | (Doc. 8) |

The County of Kern seeks to strike three paragraphs related to allegations of deaths of inmates occurring in jails across the country and the stated "purpose" of the litigation.  (Doc. 8 at 3-4)

The Court has reviewed the arguments of the parties and finds the matter suitable for decision without oral argument.  Accordingly, pursuant to Local Rule 230(g), the motion is taken under submission and the hearing set for January 10, 2017 is **VACATED**.

**I.     Background**

In this action, the plaintiffs contend that their father, Curt Tidwell, died while in the custody of the County of Kern. (Doc. 1 at 2)  They assert that after Mr. Tidwell was arrested, he was booked into the County-operated jail.  Id.  From that point until his death, the plaintiffs allege that Mr. Tidwell complained of extreme pain and requested medical attention but received no effective care.  Id. at 2, 5. The plaintiffs assert that their father died while in County custody as a result of a "non-traumatic perforated duodenal ulcer." Id. at 5.  They claim that had he been given proper medical care, he would

1  not have died.

2  ## II.  Legal Standards

3  Pursuant to Rule 12(f), a district court "may strike from a pleading . . . any redundant,

4  immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A "redundant" matter is

5  comprised "of allegations that constitute a needless repetition of other averments or which are foreign

6  to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). An immaterial

7  matter "has no essential or important relationship to the claim for relief or the defenses being pleaded,"

8  while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the

9  issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

10  *grounds* (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at

11  706-07, 711 (1990)).  To evaluate whether material should be stricken as impertinent and immaterial,

12  the Court must consider whether there is "no evidence in support of the allegation would be

13  admissible.'" *Barcher v. New York Univ. School of Law*, 993 F.Supp. 177, 181 (S.D.N.Y.1998), aff'd,

14  172 F.3d 37 (2d Cir.1999), quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d

15  Cir.1976).

16  The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must

17  arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v.*

18  *A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Generally, motions to strike affirmative defenses

19  "are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D.

20  Cal. 2005).

21  ## III.  Discussion and Analysis

22  The allegations at issue read,

23  1. The Huffington Post recently compiled a database of the people who have died in
   jails in the United States since the tragic death of Sandra Bland on July 13, 2015, until
24  July 13, 2016. According to their database, 815 people have died in United States jails
   in that time period (https://data.huffingtonpost.com/2016/jail-deaths ).

25  2. One-hundred and twenty-eight people have died in jails in California during that
26  same period of time, which is the largest number of any state in the United States. Of
   the 128 documented deaths in California jails, 10 have occurred in facilities operated by
27  the County of Kern and the Kern County Sheriffs Office. This represents around 1.2
   percent of all such deaths in the nation, and around 7.8 percent of all such deaths in
28  California.

[¶]

4. This lawsuit targets the epidemic of growing jail deaths in the County of Kern, and aims to uncover the underlying policies and practices that allow these deaths to occur at such an alarming rate. Accordingly, this case is in the public interest.

(Doc. 1 at 2)

The defendant argues these paragraphs are intended to "inflame the public and interfere with County's ability to seat an impartial and unbiased jury and get a fair trial on the merits. At this stage of the case, this language serves no meaningful purpose." (Doc. 8 at 3) The County summarizes by asserting that "The unsupported language in the Complaint which is proposed to be stricken adds nothing to the case, does not change or enhance any cause of action, and provides no redeeming benefit to the Complaint." Id. On the basis that the paragraphs are "redundant, immaterial, impertinent, unduly prejudicial and not relevant," the County seeks to have these paragraphs stricken. Id.

The plaintiffs assert that the paragraph provide context for the litigation and demonstrate an epidemic of jail deaths nationally and locally. (Doc. 10 at 2) Nevertheless, they admit, "the impact of these introductory paragraphs on the long-term trajectory of this litigation is surely minimal." Id. Nevertheless, the plaintiffs argue the language bears on the claims against the municipality. (Doc. 10 at 3)

The parties have stated and are well aware of the standards in determining a motion to strike. The Court finds that the arguments relate to whether the matter is "impertinent and immaterial" to be most on point.[1]

In considering the first paragraph at issue, there is no indication that these statistics compiled by *The Huffington Post* bear on any issue raised in this case. If the plaintiffs prove there are a disproportionate number of people who die in jails across the country[2], this will not advance a

---

[1] The Court does not agree that striking any of these paragraphs would prevent the plaintiffs from issuing press releases that may taint the jury pool. However, the parties are cautioned against taking action that could cause this. If the jury pool is tainted, the Court may be forced to move the trial to Fresno or Sacramento despite the cost and inconvenience that this would impose on them.

[2] The Court does not read the complaint so narrowly as to conclude that because Mr. Tidwell was being returned to the jail at the time of his death that information as to other custodial deaths that occurred within the jailhouse proper is, by necessity, factually dissimilar.

determination that any of the defendants acted improperly in this case.  Notably, though the plaintiffs

assert that all of the disputed paragraphs bear on municipal liability, the paragraph is not tied to a

*Monell* claim.  Indeed, the paragraph does not even intimate that any of the deaths relate to any policy

or custom maintained by the Count of Kern.  Thus, the Court is convinced that the allegations made in

paragraph one have no bearing on the issues presented in this litigation and are **STRICKEN**.

The Court's analysis as to paragraph number two is similar.  What has occurred in other jails in

the state has no bearing on the customs and policies of the County of Kern.  Likewise, the fact that

other people have died in facilities not controlled by the County of Kern—even in circumstances that

were unconstitutional or that bear a similarity to those alleged here—cannot demonstrate that the

defendant acted wrongfully in this instance.  For the same reason, the number of deaths in County's

jails compared to the total number of jail deaths in California would tell a jury nothing about whether

the plaintiffs' or their decedent suffered unconstitutional treatment.

On the other hand, the paragraph also includes statistics related to particular deaths that

occurred in jails operated by Kern County during the recent past.  The Court cannot say that there is no

possibility that this information will not be admitted into evidence given there is a facial relationship to

the *Monell* claim.  Thus, the paragraph is **STRICKEN** except for the second sentence.

Finally, paragraph four seems to be aspirational only.  It concludes that this is a case of "public

interest" but otherwise outlines only what the plaintiffs hope to prove.  This paragraph does not comply

with Fed. R. Civ. P. 8(a)(2) which requires a "a short and plain statement of the claim showing that the

pleader is entitled to relief."[3]  Thus, paragraph 4 is **STRICKEN**.

///

///

///

///

///

---

[3] Likewise, though the Court encourages and welcomes well-written, concise and interesting briefs that provide context "in the best tradition of the Brandeis brief," Rule 8(a) requires a shorter and plainer statement from a party pleading his or her case.

1

**ORDER**

2       Based upon the foregoing, the Court **ORDERS**:

3       1.      The motion to strike is **GRANTED in PART**.  Paragraphs one and four are

4 **STRICKEN** and the entirety of paragraph two except for the second sentence is **STRICKEN**. As to

5 the second sentence of paragraph two, the motion is **DENIED**.

6

7 IT IS SO ORDERED.

8       Dated:   **January 5, 2017**                          **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28